**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Century 21 Real Estate LLC, | ) | No. CIV 03-0053-PHX-SMM |
| Plaintiff , | ) | **ORDER** |
| vs. | ) | |
| Century Surety Co., | ) | |
| Defendant. | ) | |

At a status conference held on June 19, 2006, Defendant Century Surety Co. ("Century") dismissed its counterclaim for breach of contract (dkt. 11) with prejudice. (Dkt. 212.) In addition, the Court and counsel for both parties discussed the method by which the Court should resolve the two remaining claims in the case: Count 9 in Century 21 Real Estate's ("C21") complaint (dkt. 1 at 15-16) and C21's counterclaim (dkt. 13 at 6).[1]

Counsel for Century represented that the two remaining claims are essentially subsumed within the Court's March 16, 2006 Order. The Court's March 16 Order granted summary judgment in favor of Century and against C21 on C21's claims for trademark infringement and dilution of the service marks "Century 21" and "Century 21 & Design"

---

[1] Claim 9 is an Opposition Claim to the mark "Century Surety Group." C21's counterclaim is a Cancellation Claim to the mark "Century Insurance Group."

1  (collectively, the "C21 Marks") under the Lanham Act, Arizona law, and common law, and
2  unfair competition under federal and common law by infringing and diluting the C21 Marks
3  through its use of the names "Century Surety Group," "Century Insurance Group," "Century
4  Surety," and "Century" (collectively, the "Century Marks"). (Dkt. 177.) The basis for the
5  Court's March 16 Order is that C21 failed to produce specific evidence, through affidavits
6  or other admissible material, that show a genuine issue of fact as to whether use of the
7  Century Marks is likely to cause consumer confusion and thus infringe upon the C21 Marks
8  (i.e., there is no genuine issue of material fact about the likelihood of consumer confusion
9  caused by the Century Marks). (Dkt. 177 at 44-45.) In addition, the Court dismissed the
10 dilution and unfair competition claims because (i) no reasonable jury could conclude that the
11 term "Century" is identical or nearly identical to the term "Century 21"; and (ii) there is no
12 genuine dispute of material fact as to whether the C21 Marks are actually diluted by the
13 Century Marks. (Dkt. 177 at 46-51.)

14     Counsel for C21 represented that the two remaining claims are not essentially
15 subsumed within the Court's March 16 Order, but instead require the Court to consider
16 substantial evidence not related to the likelihood of confusion and dilution issues decided on
17 summary judgment. As a result, counsel for C21 argued, the Court should enter a final,
18 appealable judgment under Fed.R.Civ.P. 54(b) – so that the March 16 Order can be
19 immediately appealed to the Ninth Circuit Court of Appeals – and stay the remaining two
20 claims until after the appeal is decided.

21     In order to assist the Court with the determination of how to resolve the two remaining
22 claims, the Court will require limited briefing by each party.

23     Accordingly,

24     **IT IS HEREBY ORDERED** that, no later than July 21, 2006, the parties shall file
25 written briefs no longer than ten (10) pages total (including any exhibits and attachments)
26 setting forth each of their respective positions as to how the Court should resolve the two
27 remaining claims in the present case and the legal authorities in support thereof.

28

1  **IT IS FURTHER ORDERED** that both the deadline of July 21, 2006, and the page
2  limitation are Court-imposed limits, and thus no stipulations or other agreements to extend
3  time or page limits shall be granted.

4  DATED this 7th day of July, 2006.

*Stephen M. McNamee*
Stephen M. McNamee
United States District Judge